**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES MILLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7511** |
| **NESTLE, USA** | **SECTION "R" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, James Miller, a state prisoner, filed this *pro se* civil action against Nestle, USA,

claiming that the company negligently manufactured and distributed a contaminated Baby Ruth

candy bar which caused him harm on or about June 16, 1999.[1]

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law

provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the court determines that ... the action or
> appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune
> > from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27

F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

---

[1] In 2008, plaintiff sued the St. Tammany Parish Jail, Sheriff Rodney Jack Strain, an unidentified vending company, and two unidentified insurance companies regarding the contaminated candy bar. That lawsuit was dismissed as frivolous. Miller v. St. Tammany Parish Jail, Civ. Action No. 08-4694 "R"(1), 2008 WL 5111146 (E.D. La. Dec. 4, 2008).

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that, for the following reasons, the complaint must be dismissed as frivolous.

In diversity cases such as this,[3] a federal court looks to the applicable state statute of limitations. Hensgens v. Deere & Co., 869 F.2d 879, 880 (1989). Under Louisiana law, claims for negligence are delictual actions. Richards v. LaCour, 515 So.2d 813, 816 (La. App. 3rd Cir. 1987) ("The notion of delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence."). Such actions are subject to a one-year prescriptive period which runs from the day injury or damage is sustained. La.C.C.P. art. 3492. In the instant case, plaintiff's complaint was filed no earlier than November 25, 2009,[4] over *ten years* after his claims accrued on June 16, 1999. Accordingly, his negligence claims against the defendant prescribed long before his lawsuit was filed. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool,

---

[2]    The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3]    Plaintiff does not state the basis for federal jurisdiction in this case. In that no other basis for jurisdiction appears to be applicable, the court assumes plaintiff is attempting to bring this federal lawsuit based on presumed diversity of citizenship.

[4]    A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the accompanying pauper application was signed, November 25, 2009.

79 Fed. App'x 15, 17 (5th Cir. 2003); <u>Gonzales v. Wyatt</u>, 157 F.3d 1016, 1019-20 (5th Cir. 1998); <u>Jordan v. Strain</u>, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009); <u>Smith v. Orleans Parish Prison</u>, Civ. Action No. 08-3786, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twenty-second day of December, 2009.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]    <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.